THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MADIHA MINER,

            Plaintiff,

    v.

SOCIAL SECURITY ADMINISTRATION DISABILITY,

            Defendant.

CASE NO. C19-0505-JCC

ORDER

This matter comes before the Court on Defendant's motion to dismiss (Dkt. No. 6). Having thoroughly considered the parties' briefing and the relevant record, the Court hereby GRANTS the motion for the reasons explained herein.

## I.    BACKGROUND

In November 2010, Plaintiff applied for disability insurance benefits and supplemental security income from the Social Security Administration (the "Administration"), alleging that she was disabled and unable to work. (Dkt. No. 7-1 at 2–3.) Her application was denied, as was her subsequent request for reconsideration. (Dkt. Nos. 7-1 at 4, 7-2 at 2.) In January 2012, Plaintiff had her case heard by an administrative law judge ("ALJ"), who also denied her claims. (Dkt. No. 7-4 at 2.) Plaintiff did not appeal the ALJ's decision, which became administratively final. (Dkt. No. 6 at 2.)

ORDER
C19-0505-JCC
PAGE - 1

In August 2015, Plaintiff filed a second application for disability insurance benefits and supplemental security income from the Administration. (Dkt. No. 7-5.) That application was also denied. (Dkt. No. 7-5 at 2.) In November 2018, Plaintiff filed a request for review by an ALJ. (Dkt. No. 7-7.) With that request still pending, Plaintiff filed this lawsuit in King County Superior Court, alleging that Defendant was discriminating against her. (Dkt. No. 1-1 at 3.) Defendant removed the case to this Court. (Dkt. No. 1 at 1.) Defendant now moves to dismiss Plaintiff's claim for lack of subject matter jurisdiction and for failure to state a claim upon which relief can be granted. (Dkt. No. 6.) Plaintiff failed to file an opposition. Because of the ambiguity of the complaint, the Court construes the complaint as either requesting federal court review of her application to the Administration or alleging discrimination by the Administration. Each is addressed below.

## II. DISCUSSION

### A. Motion to Dismiss Legal Standard

Under Federal Rule of Civil Procedure 12(b)(1), a party may move to dismiss a case for lack of subject matter jurisdiction. Fed. R. Civ. P. 12. In a case involving a claim for social security benefits, if a plaintiff fails to exhaust her administrative remedies, the court lacks subject matter jurisdiction to review the case. *See Holcomb v. Colvin*, Case No. C13-5256-KLS, Dkt. No. 18 at 2 (W.D. Wash. 2014). The burden to prove exhaustion rests with the plaintiff. *See id.* (quoting *Mathews v. Eldridge*, 424 U.S. 319, 329 (1976)).

### B. Failure to Exhaust

Defendant alleges that the Court does not have jurisdiction to review Plaintiff's claims because she has failed to exhaust the administrative remedies available to her. To satisfy the exhaustion requirement, a plaintiff must receive an "initial determination regarding entitlement to benefits, reconsideration of that determination, a hearing before an [ALJ], and review by the Appeals Council of the ALJ's decision." 20 C.F.R. § 404.900(a); *Bass v. Soc. Sec. Admin.*, 872 F.2d 832, 833 (1988). Only then can a plaintiff file for review by a district court. 20 C.F.R §

404.900(a)(5).

Plaintiff has filed two separate applications with the Administration. (*See* Dkt. Nos. 7-1, 7-6.) In her first application, filed in 2010, Plaintiff fails at the fourth step of the administrative remedies process. Plaintiff has presented no evidence that she sought or obtained review from the Appeals Council of the ALJ's decision. In her second application, filed in 2015, Plaintiff fails at the third step of the administrative remedies process. Although Plaintiff has filed for review by an ALJ, (Dkt. No. 7-7), no hearing date has been scheduled, and no final judgment has been entered in that proceeding. Because Plaintiff has not exhausted the administrative review process for either claim, the Court lacks jurisdiction to review her case. For those reasons, Defendant's motion to dismiss for failure to exhaust administrative remedies is GRANTED.

Under 20 C.F.R § 404.900(a)(6), a plaintiff may bypass administrative exhaustion and seek direct judicial review if she presents a colorable constitutional claim of a due process violation. *Califano v. Sanders*, 430 U.S. 99, 108–09 (1977); *Dexter v. Colvin*, 731 F.3d 977, 980–81 (9th Cir. 2013). Plaintiff alleges in her complaint that Defendant is discriminating against her. (Dkt. No. 1-1 at 3.) Plaintiff alleges that she is African-American, female, aged 46, and suffering from Ehlers-Danlos syndrome. (*Id.*) Plaintiff does not provide any further details as to Defendant's alleged discrimination. (*See id.*) She does not identify any examples of discrimination, nor does she identify the basis on which she is being discriminated against. (*See id.*) Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice to state a claim. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Plaintiff's statement that she has been discriminated against is a mere conclusory statement, and is not supported by any facts or allegations. *See id*. Plaintiff has not presented a colorable constitutional claim of a due process violation and because of this, Plaintiff is not entitled to expedited review under 20 C.F.R. § 404.900(a)(6).

### III. CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss (Dkt. No. 6) is GRANTED.

Because it is not clear that amendment would be futile, Plaintiff is permitted to file an amended complaint within 21 days of the date this order is issued. If she chooses to file an amended complaint, Plaintiff must either: (1) allege specific facts showing that she has exhausted her administrative remedies for either or both of her Social Security applications or (2) allege specific facts showing how the Administration violated her constitutional rights. If Plaintiff fails to file an amended complaint with 21 days, the case shall be dismissed without prejudice.

DATED this 13th day of June 2019.

John C. Coughenour
UNITED STATES DISTRICT JUDGE

ORDER
C19-0505-JCC
PAGE - 4